UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOLL MEDICAL CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,<br><br>    Defendant. | DEMAND FOR JURY TRIAL |

ZOLL MEDICAL CORPORATION'S COMPLAINT
FOR PATENT INFRINGEMENT

Plaintiff ZOLL Medical Corporation ("ZOLL") brings this complaint for patent infringement against Defendant Philips Electronics North America Corporation ("Philips" or "Defendant").

**NATURE OF ACTION**

1. This is an action for patent infringement under 35 U.S.C. §§ 271, *et seq.*, by ZOLL against Philips for infringement of United States Patent No. 5,391,187 (the "Patent-in-Suit").

**PARTIES**

2. Plaintiff ZOLL is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 269 Mill Road, Chelmsford, Massachusetts, within this judicial district.

3. On information and belief, Defendant Philips is a corporation organized and existing under the laws of Delaware, with a principal place of business at 3000 Minuteman Road, Andover, Massachusetts, within this judicial district.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Philips maintains a principal place of business within Massachusetts and is thus subject to personal jurisdiction in this district.

6. Upon and information belief, Philips has voluntarily placed the accused defibrillators into the stream of commerce, knowing that Massachusetts is the likely destination of a substantial quantity of such products, and thus is subject to personal jurisdiction in this district on this basis as well.

7. Upon information and belief, Philips manufacturers the accused defibrillators in this district.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391 (b), (c) and 1400(b).

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 5,391,187

9. ZOLL incorporates by reference paragraphs 1 to 8 as if fully set forth herein.

10. On February 21, 1995, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 5,391,187 ("the '187 Patent"), entitled "Semiautomatic defibrillator with heart rate alarm driven by shock advisory algorithm," to the listed inventor Gary A. Freeman, of Newton Centre, Massachusetts. ZOLL is the assignee and owner of the '187 Patent, a copy of which is attached as **Exhibit A**.

11. Upon information and belief, Philips has infringed and continues to infringe the '187 Patent under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States, the HeartStart XL+ line of defibrillators.

12. Further upon information and belief, Philips has contributed to and/or induced infringement and continues to contribute to or induce infringement of the '187 Patent under 35 U.S.C. § 271(b) and/or (c) by knowingly providing its customers with HeartStart XL+ defibrillators that are designed, configured, specially adapted, or intended to be used in configurations or ways that are within the scope of at least one claim of the '187 patent, and/or by knowingly providing assistance to its customers in configuring, using, or specially adapting HeartStart XL+ defibrillators in configurations or ways that are within the scope of at least one claim of the '187 patent.  Moreover, upon and information and belief, Philips has a specific intent that its customers will employ HeartStart XL+ defibrillators in an infringing manner and knows that such actions will infringe the '187 Patent.

13. Philips is not licensed under the '187 Patent.

14. As a result of Philips' infringement of the '187 Patent, ZOLL has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that ZOLL would have made but for Philips' infringing acts.

15. ZOLL has provided notice to Philips of the '187 Patent and of Philips' infringing conduct under that patent.

**PRAYER FOR RELIEF**

WHEREFORE, ZOLL requests the following relief:

    (a)    a declaration that Philips infringes the Patent-in-Suit under 35 U.S.C. § 271(a), (b), and/or (c) and a final judgment incorporating the same;

    (b)    an award of damages sufficient to compensate ZOLL for infringement of the Patent-in-Suit by Philips, together with prejudgment and post-judgment interest under 35 U.S.C. § 284;

    (c)    an accounting for damages;

    (d)    an order compelling Philips to compensate ZOLL for any ongoing and/or future infringement of the Patent-in-Suit, in an amount to determined;

    (e)    a judgment holding that this is an exceptional case under 35 U.S.C. § 285 awarding ZOLL its reasonable attorney fees, costs, and expenses; and

    (f)    such other relief as deemed just and proper by the Court.

**JURY TRIAL DEMAND**

Plaintiff ZOLL demands a trial by jury on all issues triable by right of jury.

Respectfully submitted,

Dated: January 7, 2014

/s/ Adam J. Kessel
Frank E. Scherkenbach (BBO #653,819)
Kurt L. Glitzenstein (BBO #565,312)
Adam J. Kessel (BBO #661,211)
Gauri M. Dhavan (BBO #666,262)
Brian K. Wells (BBO #670,462)
Kevin J. DeJong (BBO #682,774)
Olivia T. Nguyen (BBO #682,774)
FISH & RICHARDSON, P.C.
One Marina Park Drive
Boston, MA 02210-1878
scherkenbach@fr.com; glitzenstein@fr.com;
kessel@fr.com; dhavan@fr.com; wells@fr.com;
dejong@fr.com; onguyen@fr.com
(617) 542-5070