United States District Court
District of Massachusetts

|                                    |   |                      |
|------------------------------------|---|----------------------|
| ZOLL MEDICAL CORPORATION,          | ) |                      |
|                                    | ) |                      |
| Plaintiff,                         | ) |                      |
|                                    | ) |                      |
| v.                                 | ) | Civil Action No.     |
|                                    | ) | 14-10029-NMG         |
| PHILIPS ELECTRONICS NORTH          | ) |                      |
| AMERICA CORPORATION,               | ) |                      |
|                                    | ) |                      |
| Defendant.                         | ) |                      |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff ZOLL Medical Corporation ("ZOLL") filed the instant patent infringement action ("Philips III") against Philips Electronics North America Corporation ("Philips") in January, 2014, alleging that Philips' XL+ defibrillator infringes ZOLL's U.S. Patent No. 5,391,187 ("the '187 patent"). ZOLL moved to consolidate Philips III with a related case pending before this Court. Philips opposes consolidating the cases and has moved to dismiss Philips III. For the reasons that follow, Philips' motion to dismiss will be allowed and ZOLL's motion to consolidate will be denied as moot.

I. **Background**

In June, 2010, Philips filed suit against ZOLL asserting infringement of 15 of its patents that relate to various components of automated external defibrillators. ZOLL filed a

<mark>-1-</mark>

complaint against Philips one month later in which it alleged that Philips infringed five of ZOLL's patents, including the '187 patent. The cases were consolidated in September, 2011 ("Philips I") and the parties agreed to bifurcate the case into separate phases for the determination of liability and damages. A jury has already determined liability and the damages trial ("Philips II") is scheduled for March, 2015.

### A. The '187 Patent

At the trial on liability in Philips I, the jury found that Philips' XL defibrillator infringes ZOLL's '187 patent. The '187 patent discloses a "semi-automatic defibrillator with heart rate alarm driven by shock advisory algorithm." The key feature of the invention, which limits Claims 1, 2, 4 and 5, is

> a heart rate alarm circuit in which the inputs comprise an averaged QRS rate and the shock advisory indication.

The "averaged QRS rate" is the average heart rate of the patient whereas a "shock advisory indication" is provided when the defibrillator analyzes a patient's electrocardiogram and detects a so-called "shockable rhythm".

Prior art defibrillators tended to be either manual or semi-automatic. Prior art manual defibrillators generally provided a heart rate alarm triggered by a device that monitored the averaged QRS rate (i.e. whether the heart rate was abnormally high or low) but left it to the operator to determine

when to administer the shock.  Prior art semi-automatic defibrillators, on the other hand, analyzed a patient's electrocardiogram and advised the operator when shocks could be delivered by pressing a button.  The shock advisory function in semi-automatic defibrillators generally warned operators only of the onset of fibrillation (rapid, irregular contraction of cardiac muscle fibers) or shockable tachycardia (high heart rate with a shockable rhythm) whereas the averaged QRS rate in manual defibrillators also warned operators of the onset of asystole (flat-lining), bradycardia (low heart rate) and nonshockable tachycardia (high heart rate that lacks a shockable rhythm).

The '187 patent explains that the invention claimed differs from and improves on prior art defibrillators because the heart rate alarm circuit is capable of receiving both an averaged QRS rate and a shock advisory when operated in AED (semi-automatic) mode.  The Philips I Markman Order concluded that the plain and ordinary meaning of the "heart rate alarm circuit" limitation controlled and that it was clear from the claim language that both inputs were required.

ZOLL served its infringement contentions with respect to the '187 patent in Philips I in November, 2011.  It accused two Philips products, the HeartStart MRx ("MRx") and the HeartStart XL ("XL"), of infringing the '187 patent.  ZOLL asserts that the MRx and the XL were the only two Philips defibrillators with

heart rate alarm circuitry on the market as of November, 2011. Philips counterclaimed for a declaratory judgment of non-infringement as to both products.

**B.   The HeartStart MRx**

The MRx defibrillator has two separate operating modes: Manual Mode and AED Mode.  The heart rate alarm does not provide an averaged QRS rate when the device is used in AED Mode so as not to distract users.  As a result, when operated in AED Mode, the device only instructs the user on whether or not he or she should deliver a shock and the device cannot be used to shock the patient until a shock is advised.  The Manual Mode, in contrast, is designed for professionals and therefore the shock advisory function is disabled so that the operator can shock the patient whenever he or she wants.

The Court denied Philips' motion for summary judgment of non-infringement of the MRx, finding that there was a genuine issue of material fact as to whether the MRx received both inputs while in semi-automatic mode based on a dispute between the parties as to whether the averaged QRS-based algorithm was "disabled" or operated in the background when the device was used in AED Mode.

Shortly before the liability trial began in December, 2013, ZOLL informed Philips that it was withdrawing its claims against the MRx.  ZOLL presented no evidence as to the MRx during trial

-4-

although its expert acknowledged during cross-examination that there were problems with ZOLL's MRx infringement theory. At the close of the evidence, Philips moved for judgment as a matter of law that the MRx does not infringe the '187 patent. The Court took that motion under advisement but the verdict form submitted to the jury did not ask the jury to make any findings with respect to the MRx.

### C. The HeartStart XL

The Philips XL defibrillator is similar to the MRx in that it has two modes of operation, a Manual Mode and an AED Mode, and the Manual Mode does not provide a shock advisory to the user. It differs from the MRx in one respect, however: its AED Mode has two sub-modes of operation, an Idle Phase and an Analyzing Phase. In the Idle Phase, the heart rate alarm can be enabled but the user cannot receive a shock advisory indication and therefore cannot deliver a shock to the patient. To deliver a shock, the user must press the "Analyze" button to enter the Analyzing Phase. When the Analyzing Phase is activated, the heart rate alarm does not provide an averaged QRS rate.

Consistent with its ruling on the MRx, the Court denied Philips' motion for summary judgment of non-infringement of the XL, finding that there was a genuine issue of material fact as to whether the XL received both inputs while in semi-automatic mode. After deliberation, the jury found that the '187 patent

was valid and that the XL directly infringed Claims 1 and 4 of that patent.

   D.   **The HeartStart XL+**

At some point in 2012, Philips began selling a new defibrillator model, the HeartStart XL+ ("XL+"), which also has heart rate alarm circuitry. ZOLL asserts that it first learned about the XL+ during a deposition in Philips I taken in February, 2013. Philips did not disclose the fact that it was selling the XL+ in responses to written interrogatories.

In March, 2013, ZOLL sought leave to amend its infringement contentions in Philips I to include the XL+ as an accused device. Philips opposed the motion to amend as untimely. Chief Magistrate Judge Leo Sorokin denied the motion via an electronic order entered without opinion in April, 2013. This Court overruled ZOLL's objections to that order in June, 2013. In January, 2014, following the trial in Philips I, ZOLL filed the instant action accusing the XL+ of infringing the '187 patent.

## II. Philips' Motion to Dismiss

Philips has moved to dismiss ZOLL's claims against the XL+ on the grounds of issue preclusion. The crux of its argument is that the XL+ is "nearly identical in all relevant respects" to the MRx. It contends that because ZOLL had a full and fair opportunity to litigate its claims with respect to the MRx but conceded before trial that the MRx did not infringe its patents,

ZOLL should not get a second bite at the apple by litigating the alleged infringement by the XL+.

**A.   Legal Standards**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet v. Justices of the Trial Court, 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).

The Court's review is more expansive, however, where a motion to dismiss is premised on a defense of res judicata (which includes issue preclusion).  In such cases, the Court may also take into account the record in the original action. Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (citations omitted).

Issue preclusion, which is also known as collateral estoppel, prevents a party from re-litigating issues that have been adjudicated previously. Manganella v. Evanston Inc., 700 F.3d 585, 591 (1st Cir. 2012) (citing Rodriguez-Garcia v.

Miranda-Marin, 610 F.3d 756, 770 (1st Cir. 2010)). Issue preclusion applies where 1) the same issue is raised in both actions, 2) the issue was actually litigated in the earlier action, 3) the issue was determined by a valid and binding final judgment and 4) the determination of the issue was necessary to that judgment. Id.

**B. Application**

Philips maintains that the same issue was raised in the earlier action because the MRx and XL+ are identical in all material respects. The Court agrees.

The Federal Circuit has explained that collateral estoppel applies only where the party claiming preclusion demonstrates

> a close identify ... between the relevant features of the accused device and the device previously determined to be infringing.

Yingbin-Nature (Guangdong) Wood Indus. Co. v. Int'l Trade Comm'n, 535 F.3d 1322, 1333 (Fed. Cir. 2008). Such a close identity exists between the MRx and the XL+ defibrillators, notwithstanding the fact that the XL+ can activate a user-perceptible heart rate alarm based upon the averaged QRS rate while used in AED Mode whereas the MRx cannot. The Court agrees with Philips that the difference is immaterial especially in light of ZOLL's previous position that a user-perceptible alarm is not a claim limitation because the "heart rate alarm circuit" term is concerned only with inputs, not outputs. See Acumed LLC

-8-

v. Stryker Corp., 525 F.3d 1319, 1324 (Fed. Cir. 2008) (explaining that differences that are "unrelated to the limitations in the claim of the patent" are insufficient to defeat a claim preclusion defense).

The Court also agrees with Philips that the issue of whether the MRx infringes was 1) actually litigated, 2) subject to a final and binding judgment and 3) necessary to that judgment. The fact that ZOLL's infringement claims with respect to the MRx were not submitted to the jury is not dispositive because Philips maintained a counterclaim for a declaratory judgment of non-infringement and moved for judgment as a matter of law at the close of evidence. See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 763 F. Supp. 2d 671, 680 (D. Del. 2010) (finding that issue preclusion did not apply to an anticipation defense that was not submitted to the jury where the court was also not asked to reach a judgment with respect to that defense). Moreover, the Court has entered a final, binding judgment of non-infringement of the MRx and a finding of non-infringement was, by definition, necessary to that judgment.

As a result, the Court finds that ZOLL's claims with respect to infringement of the XL+ are barred by collateral estoppel and will be dismissed. ZOLL's motion to consolidate the cases is therefore moot.

## **ORDER**

For the foregoing reasons, defendant's motion to dismiss (Docket No. 16) is **ALLOWED** and plaintiff's motion to consolidate (Docket No. 11) is **DENIED AS MOOT**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 11, 2014